UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

CASE NO:

| | |
|---|---|
| **NICOLE WILLIAMSON,**<br>individually and on behalf of all<br>others similarly situated, | **CLASS ACTION** |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| **IRVING K MOTOR COMPANY LLC D/B/A CLAY COOLEY KIA,** | |
| Defendant.<br>_____/ | |

## CLASS ACTION COMPLAINT

Plaintiff Nicole Williamson brings this class action against Defendant Irving K Motor Company LLC d/b/a Clay Cooley KIA and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "TCPA").

2. Defendant operates a car dealership selling new and used cars as well as vehicle maintenance, service and parts.

3. To solicit business, Defendant utilizes prerecorded voice calls without first obtaining the required express written consent.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the

1

daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA").

6. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff.

7. Furthermore, Defendant initiated and directed, or caused to be initiated and directed, the transmission of unsolicited prerecorded messages to Plaintiff's cellular telephone number (the "3132 Number"). The 3132 Number includes the area code 214 and is associated with the Dallas, Texas area. Plaintiff received such messages on the 3132 Number while residing in and physically present in Texas.

## PARTIES

8. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Tarrant County, Texas.

9. Defendant is a corporation whose principal office is located in Irving, Texas. Defendant directs, markets, and provides its business activities throughout the state of Texas.

10. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

11. From as early as 2017 through 2020, Defendant has caused multiple prerecorded voice messages to be transmitted to Plaintiff's cellular telephone number ending in 3132 ("3132" Number).

12. The prerecorded messages included a prerecorded voice which identified itself as calling from Defendant and which wanted to sell Plaintiff a vehicle if she was in the market to purchase

one. The prerecorded messages also included music and Defendant's marketing slogan "shop me first, shop me last, either way, come see Clay!".

13. On January 29, 2018, Defendant also sent Plaintiff a prerecorded voice message from the number 972-659-2204 to the 3132 Number which identified the caller as coming from "the service department of Clay Cooley KIA" and sought for Plaintiff to have her vehicle serviced by Defendant.

14. Upon information and belief, when Defendant services vehicles Defendant obtains a financial benefit.

15. At the time Plaintiff received these prerecorded voice messages Plaintiff was the subscriber and/or sole user of the 3132 Number.

16. Defendant's prerecorded message calls constitute telemarketing/advertising because they promoted Defendant's business, goods and services, including the sale of vehicles and Defendant's vehicle maintenance and repair services.

17. Upon information and belief, Defendant caused similar prerecorded messages to be sent to individuals residing within this judicial district.

18. Defendant's prerecorded calls violated Plaintiff's substantive rights under the TCPA to be free from unsolicited calls.  Defendant's calls also caused Plaintiff harm, including invasion of privacy, aggravation, annoyance, and inconvenienced Plaintiff and caused disruption to Plaintiff's daily life.

**CLASS ALLEGATIONS**

**PROPOSED CLASS**

19. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

20. Plaintiff brings this case on behalf of the Classes defined as follows:

> **NO CONSENT CLASS PRERECORDED**: All persons in the United States who, within four years prior to the filing of this action, were sent an artificial or prerecorded voice call, from Defendant or anyone on Defendant's behalf, to said persons telephone number, promoting Defendant's property, goods, and/or services.

21. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

22. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

23. Upon information and belief, Defendant has placed automated calls and prerecorded messages to telephone numbers belonging to thousands of consumers throughout the United States without their prior express written consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

24. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

25. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

   a) Whether Defendant made non-emergency calls to Plaintiff's and Class members' telephones using a prerecorded messages;

   b) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

   c) Whether Defendant's conduct was knowing and willful;

   d) Whether Defendant is liable for damages, and the amount of such damages; and

   e) Whether Defendant should be enjoined from such conduct in the future.

26. The common questions in this case are capable of having common answers because Plaintiff and the Class members have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

27. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

28. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

29. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

30. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
### Violations of 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200(a)
**(On Behalf of Plaintiff and No Consent Class Prerecorded)**

31. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 30 as if fully set forth herein.

5

32. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

33. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

34. Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

35. Defendant transmitted calls using prerecorded messages to call the telephone numbers of Plaintiff and members of the putative class without their prior express written consent.

36. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA, and §§ 64.1200(a)(1)(iii) and 64.1200(a)(2) by using prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express written consent.

37. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

38. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An injunction requiring Defendant to cease all unsolicited call activity without obtaining consent first, and to otherwise protect the interests of the Class;

g) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Respectfully submitted,

Dated: July 9, 2021.

>By: /s/ Andrew Shamis
>Andrew Shamis, Esq.
>Florida Bar No. 101754
>ashamis@shamisgentile.com
>Angelica Gentile, Esq.
>Texas Bar No. 24112322
>agentile@shamisgentile.com
>**SHAMIS GENTILE, P.A.**
>14 NE 1st Ave, Ste. 705
>Miami, FL 33132
>Office: (305) 479-2299
>Fax: (786) 623-0915
>
>
>Ignacio Hiraldo, Esq.
>IJhiraldo@Hiraldolaw.com
>**IJH Law**
>1200 Brickell Ave.
>Suite 1950
>Miami, FL 33131
>E: IJhiraldo@IJhlaw.com
>T: 786-496-4469
>*Pro Hac Vice To Be Filed*
>
>*Attorneys for Plaintiff and the Proposed Class*